UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SMOTHERS,<br><br>                Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>                Defendant. | Case No.: 18-CV-1391-CAB-AGS<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. Nos. 17, 22] |

This matter is before the Court on Defendant's motion for summary judgment. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. For the following reasons, the motion is granted.

**I.  Background**

On December 8, 2011, Plaintiff Robert Smothers purchased a new 2012 BMW 550i vehicle (the "Vehicle") from BMW of Encinitas. [Doc. No. 17-4 at 46-47, 81;[1] Doc. No. 17-5.] The Vehicle was covered by a 4 year/50,000 mile new vehicle warranty. [Doc. No. 21-2.]

---

[1] Pinpoint page citations to documents in the record are to the ECF watermark at the top of the page.

According to Smothers, the Vehicle required extra oil almost from the date of purchase. [Doc. No. 17-4 at 19-21.] In May of 2012, Smothers began to suspect that there was a problem with the Vehicle concerning its oil consumption, and shortly thereafter he brought the Vehicle to the BMW Encinitas dealership. [Doc. No. 17-4 at 81-83, 87-89.] During that service visit on May 23, 2012, Smothers told the service advisor at BMW Encinitas that he had topped off the oil when he saw the low oil warning light illuminate, but that he was concerned about whether he had used the correct type of oil. [*Id.* at 87-88.] Based on what the advisor told him, Smothers agreed to have the dealer replace all of the oil in the Vehicle. [*Id.* at 88.]

Smothers continued to have problems with the Vehicle's oil consumption through 2012 and continuing in 2013 and 2014. [*Id.* at 117-18.] Although Smothers did not testify in his deposition that he raised the oil consumption issue with a BMW dealer again until July 2, 2014, in the declaration he submitted with his opposition to this motion for summary judgment, Smothers includes repair orders that he says document his attempts to have the issue repaired, including invoices dated January 24, 2013, December 6, 2013, and July 2, 2014. [Doc. No. 21-2 at 2, 22-30.] On the repair order for the July 2, 2014 visit, Smothers wrote "low on oil," because "BMW said that the car was low on oil and needed a quart." [Doc. No. 17-4 at 98; Doc. No. 17-9.] After that repair visit, Smothers continued to suspect that the oil consumption was a problem with the Vehicle. [Doc. No. 17-4 at 99-100.]

The Vehicle continued to have problems with its oil consumption for several more years, and Smothers would have to add oil himself or ask a repair shop to add oil. Then in May 2017, after the warranty expired, Smothers brought the Vehicle to Boulevard Automotive and requested an inspection for oil leaks. [Doc. No. 17-4 at 124-127; Doc. No. 21-2 at 65.] Over the next year, Boulevard Automotive performed approximately $9,000.00 in repair work on the Vehicle. [Doc. No. 21-2 at 65-72.]

In March 2018, Smothers contacted Defendant BMW North America, LLC ("BMW") to ask it to repurchase the Vehicle. [Doc. No. 21-2 at 3-4.] In April 2018, BMW declined to repurchase the Vehicle. [Doc. No. 21-2 at 4.] On May 24, 2018, Smothers

filed a complaint in San Diego County Superior Court asserting five claims under the Song-Beverly Consumer Warranty Act, California Civil Code section 1790 *et seq.*, one claim for fraud by omission, and one claim for violation of California Business and Professions Code section 17200. [Doc. No. 17-3.] BMW timely removed the complaint to federal court, and the court is satisfied that it has subject matter jurisdiction based on diversity. BMW now moves for summary judgment.

## II. Legal Standard

The familiar summary judgment standard applies here. Under Federal Rule of Civil Procedure 56, the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a). To avoid summary judgment, disputes must be both 1) material, meaning concerning facts that are relevant and necessary and that might affect the outcome of the action under governing law, and 2) genuine, meaning the evidence must be such that a reasonable judge or jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (citing *Anderson*, 477 U.S. at 248). When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## III. Discussion

BMW first argues that Smothers' claims are time-barred. It also argues that the fraud claim is barred by the economic loss rule, and that the relief sought is unavailable under California Business and Professions Code section 17200. As discussed below, the Court agrees that Smothers' claims are time-barred. Thus, the Court does not need to address the latter two arguments.

## A. Statute of Limitations – Song-Beverly Claims

The Song-Beverly Consumer Warranty Act "regulates warranty terms, imposes service and repair obligations on manufacturers, distributors, and retailers who make express warranties, requires disclosure of specified information in express warranties, and broadens a buyer's remedies to include costs, attorney's fees, and civil penalties." *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 213 (Cal. Ct. App. 1991). "A successful Song-Beverly claim has three elements: a plaintiff must show that (1) the vehicle in question had a nonconformity that was covered by the express warranty and substantially impaired its use, safety or value; (2) the vehicle was presented to an authorized representative of the manufacturer to be repaired; and (3) the manufacturer-authorized representative did not repair the nonconformity after a reasonable number of attempts." *Schick v. BMW of N. Am., LLC*, No. 517CV02512VAPKKX, 2018 WL 6017023, at *4 (C.D. Cal. Sept. 27, 2018);[2] *see also Oregel v. Am. Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094, 1101 (Cal. Ct. App. 2001) (referring to these three elements as the "nonconformity element," the "presentation element," and the "failure to repair element," respectively). "To constitute a 'reasonable number of repair attempts,' a plaintiff must present the vehicle to the manufacturer or seller more than once, complaining of the same defect each time." *Yi v. BMW of N. Am., LLC*, No. 2:17-CV-06467-SVW, 2018 WL 3359016, at *4 (C.D. Cal. May 24, 2018) (citing *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 799 (2006)).

"The Song-Beverly Act does not contain its own statute of limitations; rather, California courts have applied the four-year limitations period for warranties arising under the California Commercial Code to Song-Beverly claims." *Yi*, 2018 WL 3359016, at *3 (citing *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1306 (2009), and *Krieger*,

---

[2] Plaintiff takes issue with Defendant's citation to *Schick* because it is currently on appeal to the Ninth Circuit. Yet, the Court is fully cognizant that as a district court opinion, *Schick* is merely persuasive, not binding, authority, regardless of any appeal. The existence of a pending appeal does not render the decision inappropriate for citation or otherwise change the weight of the authority, which is minimal.

234 Cal. App. 3d at 211). A Song-Beverly breach of warranty claim "accrues when [the plaintiff] discovers or should have discovered the breach of warranty." *Id.* at *6 (citing Cal. Comm. Code § 2725(2)). "[T]he discovery rule uses an objective test that looks not to what the particular plaintiff actually knew but to what a reasonable inquiry would have revealed." *Mills v. Forestex Co.*, 108 Cal. App. 4th 625, 648 (Cal. Ct. App. 2003). "Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988).

In other words, "a cause of action accrues when the plaintiff discovers, *or has the opportunity to discover*, the necessary facts underlying his or her claim." *Mills*, 108 Cal. App. 4th at 650 (*emphasis* in original); *see also Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 389 (1999) (holding that the discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action, until, that is, he at least suspects, or has reason to suspect, a factual basis for its elements"). "Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). "Plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." *Id.* at 808. "Thus, subject to tolling or estoppel, [Smothers was] required to bring [his] breach of warranty claims against [BMW] . . . within four years from the date [he] discovered, or should have discovered, the [Vehicle] was not performing properly." *Mills*, 108 Cal. App. 4th at 642.

Here, Smothers testified in his deposition that he became aware of the alleged excess oil consumption problem no later than May 2012. After he brought the Vehicle to the dealership and told his service advisor about the issue in May of 2012, the oil consumption problem continued. Smothers' deposition testimony and his declaration are somewhat

5

18-CV-1391-CAB-AGS

inconsistent insofar as whether he specifically raised the oil consumption problem with a BMW dealer during two service visits in 2013, but there is no dispute that the problem was ongoing and that Smothers could have asked for it to be repaired even if he did not actually do so. In other words, Smothers had the opportunity to discover, as early as the first time he realized that the oil consumption problem was not repaired after the May 23, 2012, service visit, the necessary facts for a breach of warranty claim. If he had presented the Vehicle to the dealership a second time in 2012 or 2013 to repair the oil consumption issue (and according to his declaration, he contends that he did), Smothers would have discovered that BMW was not able or willing to repair the issue (as reflected by the fact that the oil consumption problem was never resolved despite numerous visits to the dealership for repairs and maintenance in 2013, 2014 and beyond).

Smothers' lack of diligence in presenting the Vehicle to the dealership to repair this oil consumption issue does not operate to delay the accrual of his breach of warranty claims. *See Yi*, 2018 WL 3359016, at *6 ("Plaintiffs seeking to benefit from the delayed discovery rule must show that they diligently pursued their claims, and that they could not have discovered their claims earlier, even if they exercised diligence."). "[T]o employ the discovery rule to delay accrual of a cause of action, a potential plaintiff who suspects that an injury has been wrongfully caused must conduct a reasonable investigation of all potential causes of that injury. If such an investigation would have disclosed a factual basis for a cause of action, the statute of limitations begins to run on that cause of action when the investigation would have brought such information to light." *Fox*, 35 Cal. 4th at 809. The "investigation" in the context of Smothers' breach of warranty claim includes diligently presenting the Vehicle to the dealer for repair promptly upon discovery of the alleged nonconformity, which in this case was the excess oil consumption. To hold otherwise would allow a plaintiff to manipulate the accrual of his breach of warranty claim by delaying in bringing the vehicle to the dealer for repair despite awareness of the alleged problem. A consumer cannot sit on his hands while aware of a problem covered by a warranty and then claim that he did not discover a breach of warranty claim until he finally

6

decides to confront the dealer about the problem. The evidence shows that Smothers discovered the problem itself no later than May 2012, and that he discovered or could have discovered his Song-Beverly claims as early as 2012 or 2013 when the problem was not resolved after subsequent visits to a BMW dealer. Thus, because the complaint was not filed until 2018, Smothers' Song-Beverly claims are time-barred.

Smothers argues that his breach of warranty claims are subject to tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974), based on the filing of the class action *Bang v. BMW of North America, LLC*, Case No. 2:15-cv-06945-MCA-SCM (D.N.J.). This argument has repeatedly been rejected. "*Bang* was filed in federal court in New Jersey. The statute of limitations on a California statute applied by a federal court in California is not tolled by the filing of a class action in federal court in New Jersey." *Yi*, 2018 WL 3359016, at *8 (citing *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008), and *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Financial Corp.*, 878 F. Supp. 2d 1009, 1015-17 (C.D. Cal. 2011)); *see also Schick*, 2018 WL 6017023, at *4 ("The Ninth Circuit . . . has declined to extend cross-jurisdictional class action tolling to claims under California law.").

Smothers' arguments that BMW should be estopped from asserting a limitations defense are equally unavailing. Specifically, he argues that BMW has "unclean hands" because its service technicians told him that "the symptoms of the defect he was experiencing in the Subject Vehicle was not a problem," and that as a result, "Plaintiff was not able to understand the severity of the issues in the Subject Vehicle until much later." [Doc. No. 21 at 18.] The opposition cites to no evidence for this proposition, and it is contradicted by Smothers' deposition testimony that his impression of what the technicians were telling him was that "everybody that has a BMW like this has this sort of problem," and that he personally continued to suspect there was a problem. [Doc. No. 17-4 at 99-100.] "Failed service attempts do not equate to fraud [or unclean hands], and the repeated repair visits did not prevent Plaintiff[] from discovering the operative facts at the basis of [his] claim. . . . While Plaintiff[] may have relied on the expertise of the staff at the BMW

service centers, [he has cited] no facts that indicate [he was] 'lulled into inaction.'" *Schick*, 2018 WL 6017023, at *7; *cf. Garcia v. Gen. Motors LLC,* No. 118CV01313LJOBAM, 2018 WL 6460196, at *5 (E.D. Cal. Dec. 10, 2018) ("A reasonable person would be on inquiry notice when the same repair for the same problem is ineffective three times in a row."); *Galvez v. Ford Motor Co.*, No. 217CV02250KJMKJN, 2018 WL 4700001, at *5 (E.D. Cal. Sept. 30, 2018) ("The repeated appearance of a check engine light in a brand-new automobile arguably alerts its owner that something is amiss, even where the dealer repeatedly represents that it has resolved the issue."). Accordingly, no estoppel or equitable tolling is warranted.

## B. Statute of Limitations – Fraud and § 17200 Claims

BMW also argues that Smothers' fraud claim is time-barred. Smothers does not address this argument in his opposition, presumably because any argument to the contrary would be frivolous.[3] The statute of limitations for fraud is three years. Cal. Code Civ. Proc. § 338(d). Smothers' fraud claim is premised on BMW's alleged failure to disclose a defect in the Vehicle's engine that "would cause the engine to, among other things, improperly consume abnormally high amounts of oil." [Doc. No. 17-3 at 9.] It is undisputed that Smothers discovered that the Vehicle consumed an abnormally high amount of oil by May 2012 or shortly thereafter. Accordingly, he was on inquiry notice of his fraud by omission claim by that point. The claim is therefore time-barred.

As for Smothers' section 17200 claim, he argues in his opposition that the limitations clock on this claim began to run at the same time as his Song-Beverly Act claims. Accordingly, because his section 17200 claim is also subject to a four-year statute of

---

[3] Courts often hold that failure to offer any argument or evidence in opposition summary judgment constitutes abandonment of that claim and warrants entry of summary judgment. *See generally Deirmenjian v. Deutsche Bank, A.G.,* No. CV 06-00774, 2010 WL 3034060, at *7 (C.D. Cal. July 30, 2010) (citing cases); *see also Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (holding that the plaintiff abandoned claims by not raising them in opposition to summary judgment).

limitations (Cal. Bus. & Prof. Code § 17208), it is time-barred for all of the same reasons as the Song-Beverly Act claims are time-barred.

### IV. Motion for Sanctions

Smothers filed a separate motion for Rule 11 sanctions against BMW on the grounds that BMW's summary judgment motion was frivolous, was without evidentiary support, and was without basis in law. Considering that the Court finds the summary judgment motion to be meritorious, Smothers' motion for sanctions is denied.

### V. Conclusion

Smothers alleges that BMW concealed and then did not repair a defect in the oil consumption of his Vehicle, making BMW liable for breach of warranty and fraud. Smothers first discovered the abnormal oil consumption in 2012 and the problem continued despite multiple visits by Smothers to BMW dealers in 2012 and 2013, but he did not bring suit until 2018. Accordingly, for the reasons discussed above, his claims are all barred by the applicable statutes of limitations. BMW's motion for summary judgment [Doc. No. 17] is therefore **GRANTED**, and Smothers' motion for sanctions is **DENIED**.

It is **SO ORDERED**.

Dated: May 28, 2019

Hon. Cathy Ann Bencivengo
United States District Judge